UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA C. KESSLER, et al.** | **CIVIL ACTION** |
| **versus** | **NO. 03-2883 c/w 04-0976** |
| **NICHOLAS P. POPICH, et al.** | **SECTION "C" (5)** |

## ORDER AND REASONS

Before this Court is Plaintiff Mark Tessier's Motion and Memorandum in Support for Summary Judgment (Civ. No. 03-2883, Rec. Doc. 35). Plaintiff requests the Court to grant summary judgment with respect to Counts One (Arrest), Two (Malicious Prosecution), and Three (Defamation) of his Civil Rights Complaint. (Civ. No. 04-0976, Rec. Doc. 1.).

**I. Background**

According to Plaintiff's Statement of Uncontroverted Facts, Mark Tessier was retained by Nicholas Popich in May 2002 for the purpose of raising capital for a company controlled and founded by Mr. Popich. Mr. Tessier worked to secure funding for Mr. Popich, and, in the process, found out that Mr. Popich had been previously convicted of a felony. (Civ. No. 03-2883, Rec. Doc. 35, Statement of Uncontroverted Facts at ¶¶ 1-9.) A dispute arose between Mr. Popich and Mr. Tessier over the best way to handle the disclosure of such information to potential investors, and Mr. Tessier resigned, requesting compensation he believed was owed to him. (Civ. No. 03-2883, Rec.

Doc. 35, Statement of Uncontroverted Facts at ¶¶ 9-18.) From the documents submitted with the briefs, it appears that Mr. Tessier demanded, via email, payment of unpaid compensation, and if he did not receive payment, would proceed to notify potential investors that Mr. Popich was a convicted felon. (Civ. No. 03-2883, Rec. Doc. 39, Exhibits.) Mr. Popich turned the emails over to the St. Tammany Parish Sheriff's Office, so that they could investigate and prosecute Mr. Tessier for extortion. (Civ. No. 03-2883, Rec. Doc. 35, Statement of Uncontroverted Facts at ¶¶ 19-22.)

On November 14, 2003, Judge Hedges of the Louisiana Twenty-Second Judicial District Court heard, and granted, Mr. Tessier's Motion to Quash the Indictment, finding that Mr. Tessier could not be guilty of extortion for threatening to disclose public information. (Civ. No. 03-2883, Rec. Doc. 35, Ex. 1 at 6-8.) Mr. Tessier then brought this lawsuit alleging false arrest, malicious prosecution, and defamation claims against Mr. Popich.

**II. Standard of Review**

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district

court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

## III. Analysis

### Arrest

With respect to the "arrest" count,[1] Mr. Tessier argues that his rights were violated because Mr. Popich conspiring with one or more law enforcement officers to initiate Mr. Tessier's arrest and prosecution on a charge for which there existed no probable cause. (Civ. No. 04-0976, Rec. Doc. 1 at 2.) Mr. Tessier argues that no probable cause existed for the arrest, because, as an initial matter, no crime was committed. Mr. Tessier does not cite any case law supporting summary judgment on this matter and it is unclear under what theory of liability Mr. Tessier brings the "arrest" count. (Civ. No. 03-2883, Rec. Doc. 35, Mem. in Supp. at 1.)

---

[1] Plaintiff calls this claim the "arrest" count.

3

This Court presumes that Mr. Tessier is suing Mr. Popich under 28 U.S.C. § 1343,[2] which allows an individual to "recover damages for injury to his person. . ., or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in 42 U.S.C. § 1985." In the Fifth Circuit, to establish a claim under 42 U.S.C. § 1985,[3] a plaintiff must prove the following four requirements:

> "(1) the defendants must conspire
> (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and
> (3) the defendants must act in furtherance of the object of the conspiracy, whereby
> (4) one was (a) injured in his person or property or (b) deprived of having and exercising any right or privilege of a citizen of the United States."

*McLellan v. Mississippi Power & Light Co.*, 545 F.2d 919, 923 (5 Cir. 1977).

Regardless of whether there was probable cause to arrest Mr. Tessier on extortion, Plaintiff has not provided any evidence that Mr. Popich entered into a conspiracy with another person to cause him to be unlawfully arrested and prosecuted. Because Mr. Tessier has not met his initial burden, the Court must deny Plaintiff's Motion for Summary Judgment as to Count One of his Civil Rights Complaint.

---

[2] Plaintiff states that 28 U.S.C. § 1343 is a basis for federal jurisdiction in this matter. (Civ. No. 04-0976, Rec. Doc. 1 at 1.)

[3] 42 U.S.C. § 1985 provides: "(3) Depriving persons of rights or privileges: If two or more persons in any State or Territory conspire. . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

**Malicious Prosecution**

Mr. Tessier's second claim is that Mr. Popich caused him to be prosecuted for extortion under state law, and that the prosecution was malicious to the extent that its goal was to silence Mr. Tessier. (Civ. No. 04-0976, Rec. Doc. 1 at 3.)

Under Louisiana law, "a malicious prosecution claim requires: 1) the commencement of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against the present plaintiff who was the defendant in the original proceeding; 3) its bona fide termination in favor of the present plaintiff; 4) the absence of probable cause for such proceeding; 5) the presence of malice therein; and 6) damages conforming to legal standards resulting to the plaintiff." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 435 (5th Cir. 2000). "Malice and probable cause are issues of fact to be determined by the trier of fact, unless only one conclusion can be drawn from the evidence." *Williams v. DiVittoria*, 777 F.Supp. 1332, 1337 (E.D.La. 1991). "Probable cause, or the lack of it, for purposes of a malicious prosecution action, depends on whether the circumstances of the particular case were such as to create an honest and reasonable belief in the mind of the defendant, at the time he charged the plaintiff, that the plaintiff was guilty of the crime." *Id*. at 1339. A plaintiff can show malice by either showing (1) "that the defendant, in bringing the proceedings, [acted with any ]feeling of hatred, animosity, or ill will toward the plaintiff;" (2) that the defendant "use[d] the prosecution for the purpose of obtaining any private advantage;" (3) that "the defendant made it with knowledge that it was false, or with reckless disregard for the charge's truth or falsity;" or (4) a "conspicuous lack of probable cause for the charges at issue." *Id*. at 1137-1138.

5

Mr. Tessier has supplied the Court with a copy of the transcript from the state proceedings on his Motion to Quash the indictment for extortion, which establishes that a criminal proceeding was commenced, and that Mr. Popich was the complaining victim. (Civ. No. 03-2883, Rec. Doc. 35, Ex. 1.) Mr. Tessier argues that, because a threat to reveal public information cannot constitute extortion, there was no probable cause to support his prosecution. Mr. Tessier also argues that the prosecution was initiated with malice, which can be inferred from the following facts: (1) it would have been advantageous for Mr. Popich's fund-raising if Mr. Tessier was prevented from disclosing the fact that he was a convicted felon; (2) the charge was made and sustained with reckless disregard for its truth or falsity because Mr. Tessier was arrested within 24 hours of Mr. Popich bringing the emails to the Sheriff's Office; and (3) the lack of probable cause was conspicuous. (Civ. No. 03-2883, Rec. Doc. 35, Mem. in Supp. at 2-4.) Mr. Tessier also argues that Mr. Popich cannot claim that he acted in good faith reliance upon the advice of his attorney or the advice of the district attorney, because he was the person who initiated the prosecution. (Civ. No. 03-2883, Rec. Doc. 35, Mem. in Supp. at 4-5.)

However, aside from his own allegations, Mr. Tessier does not provide any evidence indicating that Mr. Popich made and sustained the charge with reckless disregard for the truth. Nor does he establish, in light of the threatening emails that he sent to Mr. Popich, that it was unreasonable for Mr. Popich to believe that Mr. Tessier was not guilty of extortion. The Court does not find that only one conclusion can be drawn from the evidence. Mr. Tessier has not supplied sufficient evidence to establish that Mr. Popich acted in bad faith or with malice when he brought Mr. Tessier's threatening emails to the Sheriff's Office, and therefore has not met his burden on

6

summary judgment. Thus, the Court must deny Mr. Tessier's Motion for Summary Judgment as to Count Two of his Civil Rights Complaint.

## Defamation

Mr. Tessier's third claim is that Mr. Popich's instigation of criminal charges constitute defamation per se, and that falsity, malice, and damages should be presumed. Mr. Tessier also states that the charges were public, did not involve a matter of public interest, and were defamatory. (Civ. No. 04-0976, Rec. Doc. 1 at 3.) Mr. Tessier argues that criminal accusations are defamatory per se, and, as a result, malice and falsity are presumed. (Civ. No. 03-2883, Rec. Doc. 35, Mem. in Supp. at 5.)

In Louisiana, a defamation claim requires a plaintiff to prove: "(1) a false or defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Gogreve v. Downtown Development Dist.*, 2006 WL 861189, *7 (E.D.La. 2006). "Words that impute to an individual the commission of a crime are defamatory per se; malice and falsity are presumed and the burden shifts to the defendant to rebut the presumption." *Melancon v. Hyatt Corp.*, 589 So.2d 1186, 1189 (La. App. 4 Cir. 1991). However, "[u]nder Louisiana law, a speaker is entitled to an absolute defense in a defamation action arising out of something he says in the course of a judicial or quasi-judicial proceeding, without regard to the speaker's notion of the truth or falsity of the statement." *Williams,* 777 F.Supp. at 1340. To the extent that a speaker may have made statements to others about a plaintiff's criminal activities, the speaker may be liable for defamation. Mr. Tessier has not established who Mr. Popich made defamatory statements to outside of the course of a judicial proceeding. Nor has Mr. Tessier

7

established fault greater than negligence on the part of Mr. Popich. The criminal transcript supplied by Mr. Tessier is not sufficient, by itself, to support a finding that Mr. Popich was aware that the filing of such a complaint was inappropriate. Therefore, this Court cannot grant summary judgment in favor of Plaintiff on this claim.

**IV. Conclusion**

Plaintiffs has not met his burden of identifying facts which he believes demonstrate the absence of a genuine issue of material fact. Nor has he established that there exists no issue of material fact concerning Mr. Popich's state of mind in initiating the complaint against him. For these reasons,

IT IS ORDERED that Plaintiff Mark Tessier's Motion and Memorandum in Support for Summary Judgment (Civ. No. 03-2883, Rec. Doc. 35) is DENIED.

New Orleans, Louisiana, this 30th day of May, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE