UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA C. KESSLER, ET AL | CIVIL ACTION |
| versus | No. 03-2883 c/w 04-0976 |
| NICHOLAS P. POPICH, ET AL | SECTION "C" |

### ORDER

Before the Court is Defendant's, Nicholas P. Popich ("Defendant" or "Popich") Motion for a New Trial and/or Reconsideration of the Court's August 9, 2006 Judgment in favor of Plaintiffs regarding their contract claims. For the following reasons, the Defendant's motion is **DENIED**.

The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider" in those exact terms. See *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling. See *id.* It appears that Plaintiffs' motion in this case was served less than ten days after the Court rendered its Judgment.

Therefore, Rule 59(e) governs Plaintiffs' Motion for a New Trial and/or Reconsideration. In *Washington v. CSC Credit Servs., Inc.*, 180 F.R.D. 309 (E.D.La.1998), *rev'd and vacated on other grounds*, 199 F.3d 263 (5th Cir.2000), this Court ruled that alteration or amendment of a previous ruling under Federal Rule of Civil Procedure 59(e) is proper only upon movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence;

and/or (3) the need to correct a clear and manifest error of fact or law."  *Id.* at 311.

In this motion, Defendant contends that the Court erred in relying on Plaintiffs' testimony along with "uncorroborated" evidence and that the Court misinterpreted the law concerning *stipulations pour autrui*.  On page 9 of this Court's August 4, 2006 opinion (Rec. Doc. 64), it states that the evidence which supported the Plaintiffs' testimony, specifically, the invoices, time reports and statements from Popich are all corroborated evidence.  Furthermore, this Court is does not believe that it erred in interpreting the law.  Thus, neither of these arguments suggests an intervening change of controlling law, the availability of new evidence, or the need to correct a clear and manifest error of fact or law.  Accordingly, Defendant's Motion for a New Trial and/or Reconsideration is **DENIED**.

New Orleans, Louisiana, this 8th day of September 2006.

_____
UNITED STATES DISTRICT JUDGE
HELEN G. BERRIGAN